**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

CIVIL ACTION NO. 25-13-DLB

REBECCA STAMM                                                                          PLAINTIFF

v.                              **MEMORANDUM OPINION AND ORDER**

COMMISSIONER OF SOCIAL SECURITY                                  DEFENDANT

\*\*\*    \*\*\*    \*\*\*    \*\*\*

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to challenge a final decision of the Defendant denying her application for disability insurance benefits.   The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be **affirmed**.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits in 2022 alleging disability due brain fog, constant headache, residual effects of virus, chronic fatigue, sleep paralysis, neurological effects on hands, muscle cramps, POTS, noise intolerance, post viral autonomic dysfunction and sinus tachycardia (Tr. 264). This application was denied initially and on reconsideration. Thereafter a hearing was conducted by Administrative Law Judge Karen Jackson ("ALJ"), wherein Plaintiff, accompanied by counsel, testified.   At the hearing, Robert Breslin, a vocational expert ("VE"), also testified.

1

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2:   If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3:   If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 99-109). Plaintiff has a bachelor's degree and has worked in quality control (Tr. 265).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff meets the insured status requirements through September 30, 2023, and has not engaged in substantial gainful activity from December 16, 2019 through her date last insured of September 30, 2023 (Tr. 101).

The ALJ then determined, at Step 2, that Plaintiff suffers from postural orthostatic tachycardia syndrome (POTS), migraines, post-viral syndrome with chronic fatigue and chronic myalgia, obesity, and neurocognitive disorder, which he found to be severe within the meaning of the Regulations (Tr. 101-102).

2

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 102-104).   In doing so, the ALJ specifically considered Listing 11.02. *Id.*

The ALJ further found that Plaintiff could not return to her past relevant work (Tr. 108) but determined that she has the residual functional capacity ("RFC") to perform light work with the following limitations:

> [C]an occasionally climb ramps and stairs, but never climb ladders, ropes, or scaffolds. She can occasionally stoop, kneel, crouch, and crawl. She can frequently balance. She must avoid all exposures to hazards such as unprotected heights or dangerous moving machinery. She must avoid concentrated exposure to cold temperature extremes. She can work around moderate noise intensity level. She can understand and remember simple instructions and use judgment to make simple work-related decisions. She can have occasional interaction with supervisors, coworkers, and the general public. She can carry out simple instructions. She can deal with occasional changes in a routine work setting.

(Tr. 104).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 108).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision.   Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

3

**II.      STANDARD OF REVIEW**

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of HHS*, 25 F.3d 284, 286 (6th Cir. 1994).   It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.   *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, "even if a reviewing court would decide the matter differently[.]" *Cutlip*, 25 F.3d at 286; *Kinsella v. Schweiker*, 708 F.2d 1058, 1059-60 (6th Cir. 1983).   A reviewing court "may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility."   *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).   Finally, a reviewing court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

With regard to the analytical framework, the claimant bears the ultimate burden of producing sufficient evidence to prove that he or she   is disabled and, thus, entitled to benefits. 20 C.F.R. § 404.1512(a). Specifically, the claimant has the burden of proof in

Steps One through Four. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997). The burden shifts to the Commissioner at Step Five to establish whether the claimant has the RFC to perform available work in the national economy. *Id*.

## III.    ANALYSIS

Plaintiff first asserts that the ALJ improperly found that her severe migraine headaches were not per se disabling at step three.

At step three of the sequential evaluation, a claimant may establish disability by demonstrating that her impairment is of such severity that it meets, or medically equals, one of the listings within the "Listing of Impairments" codified in 20 C.F.R., Part 404, Subpart P, Appendix 1. *Walters*, 127 F.3d at 529;  A claimant who meets the requirements of a Listed Impairment will be deemed conclusively disabled, and entitled to benefits, but the claimant has the burden to prove that all of the elements are satisfied. *King v. Sec'y of Health & Human Servs.*, 742 F.2d 968, 974 (6th Cir. 1984); *see also Walters*, 127 F.3d at 529. Only when an impairment satisfies all of the listing's criteria will the impairment be found to be of listing level severity. 20 C.F.R. § 404.1525(d).

In determining whether an impairment is of listing level severity, the ALJ is tasked with comparing the medical evidence of record with a listing's requirements. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 415 (6th Cir. 2011). However, the Sixth Circuit rejected "a heighted articulation standard" with regard to the ALJ's step three finding. *Bledsoe v. Barnhart*, 165 F. App'x 408, 411 (6th Cir. 2006). "If a claimant does not have one of the findings, however, she can present evidence of some medical equivalent to that finding." *Bailey v. Comm'r of Soc. Sec.*, 413 F. App'x 853, 854 (6th Cir.

5

2011) (citations omitted). Yet, it is not sufficient to come close to meeting the conditions of a Listing. *See, e.g., Dorton v. Heckler*, 789 F.2d 363, 367 (6th Cir. 1989) (affirming Commissioner's decision that Plaintiff didn't meet Listing where medical evidence "almost establishes a disability").

Migraine headaches are not, in and of themselves, a listed impairment.   As such, a migraine headache disorder is not a per se Listing in Appendix I of the Act. However, Social Security Ruling 19-4p ("SSR 19-4p") recognizes Listing 11.02 (epilepsy) as 'the most closely analogous listed impairment' to migraines. SSR 19-4p, 2019 WL 4169635, at *7 (Aug. 26, 2019).   Therefore, the analysis of migraines at Step Three is one of Listing 11.02.

The Court notes that in charging error, Plaintiff argues the ALJ applied the incorrect legal standard by conducting a "meeting analysis" rather an "equaling analysis" Plaintiff's point of error is pure semantics.   Moreover, it either ignores or misconstrues the ALJ's statement that Plaintiff's migraines failed "to meet or medically equal" a listing (Tr. 102). Therefore, Plaintiff's assertion that the ALJ failed to consider whether her migraines equals a listing is without merit.

Plaintiff also maintains that the ALJ's finding "lacks proper articulation." The ALJ's statement—that migraines were considered but did not medically equal a listed impairment, (Tr. 102)—was sufficient articulation under SSR 17-2p, 2017 WL 3928306. As the SSR explains: "[i]f an adjudicator at the hearings or AC level believes that the evidence already received in the record does not reasonably support a finding that the individual's impairment(s) medically equals a listed impairment, the adjudicator is not

6

required to articulate specific evidence supporting his or her finding that the individual's impairment(s) does not medically equal a listed impairment." 2017 WL 3928306, at *4. Therefore, the ALJ's statement that she considered whether Plaintiff's impairment equaled a listing was sufficient. *Snyder v. Comm'r of Soc. Sec.*, No. 22-5948, 2023 WL 3673265, at *4 (6th Cir. May 26, 2023), *see Salisbury v. Comm'r of Soc. Sec.*, No. 24-3898, 2025 WL 1089451, at *4 (6th Cir. Apr. 11, 2025) (finding that the Courts "have never interpreted the regulations to require a lengthy explanation [at step three] from the administrative law judge").

Although Plaintiff claims that evidence in the record supports a finding of per se disability, she has not demonstrated that it exists in the record.   Specifically, SSR 17-2p states that in order for an impairment to equal a listing, the record must contain one of the following: a prior administrative medical finding from [a medical consultant or psychological consultant] from the initial or reconsideration adjudication levels supporting the medical equivalence finding, or expert evidence, which may include testimony or written responses to interrogatories, obtained at the hearings level supporting the medical equivalence finding, or a report from the Appeals Council's medical support staff supporting the medical equivalence finding. SSR 17-2p, 2017 WL 3928306, at *3; *see also* SSR 19-4p, 2019 WL 4169635 (headache disorders may medically equal a listing, citing SSR 17-2p).   The record is devoid of these findings and Plaintiff has not established otherwise.

Plaintiff has not carried her burden of demonstrating error at Step Three.

Plaintiff also contends that the ALJ's erred in her consideration of consultative examiner Brittany Dial, M.S.'s opinion.

The ALJ must determine a claimant's RFC after considering all the medical and other evidence in the record. 20 C.F.R. § 404.1520(e). In doing so, the ALJ is required to "articulate how he or she considered the medical opinions and prior administrative medical findings." 20 C.F.R. § 404.1520c(a). The ALJ focuses on the persuasiveness of the medical opinion(s) using the following five factors: (1) Supportability (2) Consistency (3) Relationship with the claimant (which includes) (i) Length of the treatment relationship (ii) Frequency of examinations (iii) Purpose of the treatment relationship (iv) Extent of the treatment relationship (v) Examining relationship (4) Specialization (5) Other factors. 20 C.F.R. § 404.1520c(a)-(c) (2017).

At a minimum, the ALJ must explain how he or she considered the supportability and consistency of a source's medical opinion(s), but generally is not required to discuss other factors. 20 C.F.R. § 404.1520c(b)(2). According to the regulation, the more consistent a medical opinion is with the evidence from other medical and nonmedical sources, the more persuasive the medical opinion will be. This is the consistency standard. And the regulation specifies that the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion, the more persuasive the medical opinion will be. This is the supportability standard. *See* 20 C.F.R. § 404.1520(c)(1)-(2).

Ms. Dial completed a consultative examination of Plaintiff in April of 2022. The ALJ discussed her findings in detail. She noted:

8

> On examination, while [Ms. Dial] noted fair attention and concentration, fair coping skills, abnormal mood, and slow response style, she noted normal thought content, memory, intellectual functioning, abstract reasoning, judgment, insight, and decision-making. Ms. Dial assessed that the claimant had moderate limitations in understanding, remembering, and carrying out instructions toward performance of simple, repetitive tasks, marked limitations in tolerating stress, marked limitations in sustaining attention and concentration towards performance of simple, repetitive tasks, and slight limitations in responding appropriately to supervision, coworkers, and work pressures.

(Tr. 107).

The ALJ further stated:

> Ms. Dial's objective observations are generally consistent with the evidence from other medical and nonmedical sources; however, her medical opinion is not entirely supported by her personal examinations of the claimant, which does not document marked limitations in attention and concentration or in tolerating stress.

*Id.*

The ALJ specifically stated that in evaluating Ms. Dial's assessment, she "considered the medical source's relationship with the claimant, supportability, consistency, specialization and other factors." *Id.* The ALJ concluded Ms. Dial's opinion to be "not persuasive." *Id.*

Plaintiff maintains that the ALJ's evaluation of Ms. Dial's opinion was "flawed and incomplete."

The Court notes that the ALJ did not completely discount Ms. Dial' opinion. Indeed, consistent with Ms. Dail's opinion, the ALJ limited Plaintiff, in relevant part, to understanding, remembering, and carrying out simple instructions; making simple work-related decisions; and occasional changes in a routine work setting (Tr. 104). However, the ALJ explained in detail how Ms. Dial's opinion was inherently inconsistent and, in part,

9

at odds with other credible evidence in the record. Contrary to Plaintiff's assertion, an ALJ is not required to go through each limitation individually and discuss why it was not supported by or inconsistent with the record, as long as the ALJ properly evaluated the opinion as a whole.   In this case, the Court finds that the ALJ properly articulated the supportability and consistency factors. To the extent that Plaintiff suggests that the record is open to another interpretation that favors er claim, the Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

## IV.  CONCLUSION

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment (Doc. #13) be **DENIED** and the Defendant's Motion for Summary Judgment (Doc. #15) be **GRANTED**.

A Judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24th day of March 2026.



Signed By:

David L. Bunning

Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\SocialSecurity\MOOs\Ashland\25-13 Stamm MOO.docx

10